[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR FEES
In this post-trial motion, the plaintiff seeks to recover attorney fees and expenses incurred in prosecuting her successful appeal of a decision of the defendant commissioner of motor vehicles. The plaintiff's motion is based on the provisions of General Statutes § 4-184a. The court finds the issues in favor of the defendant commissioner.
The facts necessary to the court's decision on the plaintiff's motion are undisputed and fully set out in this court's earlier decision and the decision of the Appellate Court. See the decision of this court (Sferrazza, J.), filed February 17, 1993 and 33 Conn. App. 727 (1994).
General Statutes § 4-184a(b) provides that this court "may, in its discretion, award to the prevailing party . . . reasonable fees and expenses in addition to other costs if the court determines that the action of the agency was undertaken without any substantial justification." There is no question that the plaintiff is the "prevailing party" in the administrative appeal. In deciding whether to award fees and expenses pursuant to the statute, therefore, the critical issue is whether the agency action was "undertaken without any substantial justification."
The hearing officer for the motor vehicle department based the decision to suspend the plaintiff's license on the report of Dr. Klaus, an emergency room physician who had treated the plaintiff after a motor vehicle accident. Dr. Klaus's report was, in turn, based on information that she received from Dr. Hornblow, a neurologist who had treated the plaintiff earlier. This information was to the effect that the plaintiff suffered from a seizure disorder and that Dr. Hornblow believed she should not operate a motor vehicle. The plaintiff testified in opposition, claiming that the information that Dr. Klaus had was only secondhand and no longer reflected her condition accurately. The hearing officer nevertheless gave greater weight to the letter from Dr. Klaus than to the plaintiff's testimony and concluded that the plaintiff did "not meet the minimum physical standards for safe operation of a motor vehicle on the highways of Connecticut." Acting in behalf of the commissioner, the hearing officer rendered a final decision suspending the plaintiff's motor vehicle license until she provided medical evidence of her fitness to drive. CT Page 1692
In its decision on the plaintiff's appeal to this court, the court (Sferrazza, J.) affirmed the decision of the hearing officer, holding that it is not the function of the court to retry the case or substitute its judgment as to the weight of the evidence for that of the hearing officer. That holding is, of course, in accordance with well established, deeply rooted principles of administrative law.
The Appellate Court disagreed with this court's conclusion that Dr. Klaus's letter constituted sufficient and substantial evidence. It held, therefore, that the evidence was not sufficient to support the hearing officer's decision. In so holding, the Appellate Court gave considerable weight to the plaintiff's testimony at the administrative hearing and discounted Dr. Klaus's report as hearsay based on further hearsay. The Appellate Court reversed this court's decision, therefore.
In the present motion, the plaintiff argues in essence that the Appellate Court has ruled that the hearing officer's decision was without substantial justification as a matter of law. This court disagrees.
Section 4-184a does not sanction an award of fees and costs merely on the basis that a party ultimately prevails in an appeal of an administrative agency's decision. The statute requires that the court make the further finding that the administration decision was "without any substantial justification." That is a giant step beyond simply finding that the administrative decision was wrong for some reason.
The hearing officer in this case had the initial responsibility under the law to weigh the evidence in the record. He then had the responsibility to make findings of fact based on that evidence. The only evidence the hearing officer had was the medical report indicating the plaintiff's lack of ability to operate a vehicle and the plaintiff's testimony in opposition. As noted, the hearing officer determined that the medical report constituted the weightier evidence and accordingly rendered his decision suspending the plaintiff's license to operate a vehicle. The justification for that decision was, therefore, evidence in the record that was material and relevant and logically supported the decision. CT Page 1693
The Appellate Court's later opinion — that the evidence used by the hearing officer was insufficient — required that his decision and the decision of this court be reversed. The Appellate Court's opinion did not, however, automatically render the hearing officer's decision as being "without any substantial justification."
As indicated above, this court finds that the hearing officer's decision did not lack justification. It does not, therefore, provide a basis for an award of fees and costs under § 4-184a.
The plaintiff's motion is denied.